J-S20041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.C., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.C., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 560 EDA 2026 |

Appeal from the Order Entered January 29, 2026
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0000238-2023

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 21, 2026**

Appellant, K.C. ("Father"), appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the petition filed by the Department of Human Services ("DHS") to change the permanency goal of his minor daughter, S.C. ("Child") (born November 2020), to adoption.[1]  For the following reasons, we deny counsel's petition to withdraw and direct counsel to file either a compliant brief and separate petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009), or an advocate's brief.  We further direct counsel to file an

_____

[1] At that same hearing, the trial court also granted the petition filed by DHS to involuntarily terminate Father's parental rights to Child.  As well, the court terminated the parental rights of G.M. ("Mother") on January 29, 2026. Mother has not filed a separate appeal, nor is she a party to the instant appeal. As we discuss in greater detail **infra**, Father did not file a separate notice of appeal from the termination order.

immediate appeal *nunc pro tunc* from the separate order involuntarily terminating Father's parental rights, along with other directives as described in more detail below.

Briefly, the relevant facts and procedural history of this matter are as follows. On March 20, 2023, DHS filed a dependency petition alleging medical neglect, malnourishment, domestic violence concerns, and substance abuse issues as to both parents. On October 12, 2023, the court adjudicated Child dependent. On November 25, 2025, DHS filed a petition to change Child's permanency goal from reunification to adoption, alleging that Father was inconsistent with visitation and refused and/or failed to perform parental duties. That same day, DHS also filed a petition seeking to involuntarily terminate the parental rights of both parents.

On January 29, 2026, following a hearing, the court changed Child's permanency goal to adoption and terminated Father's parental rights. On February 28, 2026, Father timely filed a notice of appeal from only the goal change order at the dependency docket, and statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders** and **Santiago**, which require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of

his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***See Santiago, supra*** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra*** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \*   \*   \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations

- 3 -

to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-179, 978 A.2d at 361. *See also In re J.D.H*., 171 A.3d 903, 905-06 (Pa.Super. 2017) and *In re V.E.*, 611 A.2d 1267, 1275 (Pa.Super. 1992) (explaining that *Anders* procedure applies in appeals from termination of parental rights and goal change orders). Finally,

[i]f counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

Instantly, our examination of counsel's *Anders* brief makes clear that counsel has not complied with the requirements as set forth above for several reasons. First, although counsel filed an *Anders* brief, he failed to file a separate application to withdraw and has not supplied this Court with a copy of the letter informing Father of his rights to either retain private counsel or proceed *pro se* in the wake of the withdrawal request. *See Santiago, supra*. Additionally, counsel's brief contains other defects, including a failure to cite to the record to assist this Court in identifying any evidence that could arguably support Father's appeal, or **any** appropriate citations to relevant authority, case law, or statutes to support his conclusion that Father's appeal

- 4 -

is frivolous.  ***See id.***  Indeed, counsel's argument consists of a single paragraph of conclusory statements, with no citation to the relevant statutes or case law, and only a single **criminal** case cited for the proposition that this Court may not re-weigh the evidence and substitute its judgment for that of the fact-finder.  (***See Anders*** Brief at 13).

Perhaps even more egregious, however, is counsel's failure to file a separate notice of appeal from the order involuntarily terminating Father's parental rights.  Significantly, if this Court affirms a termination of parental rights, it renders moot any challenge to the goal change. ***See In re Adoption of A.H.***, 247 A.3d 439, 446 (Pa.Super. 2021) (stating: "[T]he effect of our decision to affirm the orphans' court's termination decree necessarily renders moot the dependency court's decision to change [c]hild's goal to adoption"). Similarly, the failure to appeal from an order terminating a parent's rights waives the right to challenge that order and renders the appeal moot.  ***See Int. of C.W.***, 339 A.3d 442 (Pa.Super. 2025) (unpublished memorandum) (dismissing appeal as moot where father challenged only goal change order and not termination order; because termination of parental rights is final, we cannot grant father his requested relief regarding goal change).[2]

Thus, counsel's failure to file a separate notice of appeal from the termination order left Father in a position where his current appeal as filed is actually moot.  Compounding counsel's error, the Rule 1925(a)(2)(i)

_____

[2] ***See*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

statement appears to challenge only the termination order and not the goal change order. As well, counsel's brief, while deficient as described **supra**, appears to challenge only the termination order.

In **Interest of I.M.S.**, 267 A.3d 1262 (Pa.Super. 2021), this Court confronted a scenario where counsel failed to timely file a notice of appeal from orders changing the child's permanency goal and terminating the mother's parental rights. This Court explained:

> Typically, a notice of appeal must be filed within thirty days of the date that the order is entered on the record. **See** Pa.R.A.P. 903(a). However, in the context of a civil case, *nunc pro tunc* relief may be granted when a litigant demonstrates that the late filing was due to non-negligent circumstances on counsel's part, the document was filed shortly after the date it was due, and the other party was not prejudiced by the delay. …
>
> \* \* \*
>
> It is beyond argument that Mother was entitled to effective counsel in the respective appeals. **See In re J.T.**, 983 A.2d 771, 774-75 (Pa.Super. 2009) ("The right to counsel in parental termination cases is the right to effective assistance of counsel even though the case is civil in nature."); **In the Matter of J.P.**, [573 A.2d 1057 (Pa.Super. 1990)] (*en banc*) (observing that parents whose children are the subjects of dependency proceedings have the right not only to counsel but to effective representation by counsel). It is equally obvious that counsel's failure to timely file the requested appeals constitutes ineffectiveness *per se*, and "the typical remedy for such ineffectiveness is to remand for an appeal *nunc pro tunc*." **In re J.M.P.**, 863 A.2d 17, 20 (Pa.Super. 2004); **In re B.S.**, 831 A.2d 151, 155 (Pa.Super. 2003) (noting that counsel's failure to appeal delinquency "constitutes ineffectiveness *per se*" and "typical remedy for such ineffectiveness is to remand for an appeal *nunc pro tunc*"). While the trial court accurately

acknowledged counsel's failure to file the requested appeal and, in fact, chastised [counsel] for her inattention to Mother's appellate rights, it nevertheless declined to grant Mother appropriate relief, *i.e.*, permission to appeal *nun pro tunc*. We find that the court's refusal to grant relief in the face of *per se* ineffectiveness is tantamount to an abuse of discretion.

… Our high Court recently "acknowledge[d] the solemn reality that a decree terminating parental rights is widely regarded as the civil law equivalent to the death penalty, forever obliterating the fundamental legal relationships between parent and child." *In re Adoption of C.M.*, [667] Pa. [268, 300], 255 A.3d 343, 362 (2021). Indeed, unlike the majority of civil cases, the fundamental rights at issue in a termination of parental rights proceeding implicate due process protections that are more akin to those afforded a criminal defendant. *See J.T., supra* at 775-74 (addressing *sua sponte* the *per se* ineffectiveness of appointed counsel's failure to file a timely court-ordered rule 1925(b) statement in appeal from termination of parental rights).

As Mother's right to effective assistance in these proceedings is founded on constitutional grounds, [counsel's] *per se* ineffectiveness alleviated the need to scour Mother's petition looking for non-negligent reasons for the omission. … Hence, the trial court's application of the typical three-pronged *nunc pro tunc* analysis of a non-negligent omission was inherently flawed.[3] In this situation, where appointed counsel failed to file the requested appeal and the *nunc pro tunc* request was

_____

[3] In denying the mother's request for *nunc pro tunc* relief, the trial court had relied on *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) (indicating *nunc pro tunc* relief is appropriate where there has been non-negligent failure to file timely appeal which was corrected within very short time, during which any prejudice to other side of controversy would necessarily be minimal) and *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156 (2001) (explaining that exception for allowance of appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which appellant has clearly established that she attempted to file appeal, but unforeseeable and unavoidable events precluded her from actually doing so).

promptly filed, Mother was entitled to relief virtually as of right.

Moreover, neither the fact that counsel did not expressly assert her own ineffectiveness in requesting *nunc pro tunc* relief nor Mother's failure to assert [counsel's] ineffectiveness excuses the trial court's inaction. First, we observe that counsel is precluded from invoking her own ineffectiveness. ***See Commonwealth v. Betts***, 240 A.3d 616, 623 (Pa.Super. 2020) (citing ***Commonwealth v. Spotz***, 610 Pa. 17, 18 A.3d 244, 329 n.52 (2011) ("[C]ounsel cannot argue his or her own ineffectiveness[.]")). Second, as Mother remains represented by [counsel], she cannot be expected to assert counsel's ineffectiveness contemporaneous with that representation. ***See Commonwealth v. Ellis***, 534 Pa. 176, 626 A.2d 1137, 1138-39 (1993) ("[U]nder no other circumstances are counsel and client permitted to present opposing arguments[.]")). Most importantly, as set forth ***infra***, Mother has no other remedy.

Unlike sister jurisdictions that permit parents to pursue ineffective assistance claims in a petition for a writ of *habeas corpus*, in Pennsylvania, claims of ineffective counsel cannot be raised in a collateral proceeding. ***See*** 17 West's Pa. Prac., Family Law § 32:6 (Joanne Ross Wilder, et al., eds. 8th ed.). Hence, counsel's failure to file the requested appeal stripped Mother of her fundamental right to challenge the termination of her parental rights. ***Compare In re Adoption of T.M.F.***, [573 A.2d 1035, 1043 (Pa.Super. 1990)] (*en banc*) ("Any determination as to ineffectiveness of counsel must be made expeditiously in the context of the original appeal, as a collateral attack by a post-decree petition and/or appeal, after normal appeals have been exhausted, is not permissible."); ***with In re Alexandria G.***, 348 Wis.2d 593, 834 N.W.2d 432 (2013) (granting petition for writ of *habeas corpus* where counsel failed to timely appeal order terminating parental rights).

As neither [counsel] nor Mother could invoke counsel's ineffectiveness in the petition for relief and Pennsylvania does not recognize collateral proceedings in the termination of parental rights, the trial court foreclosed Mother's only available remedy by engaging in an inapt legal analysis that

was predicated on a non-negligent omission. Thus, having recognized appointed counsel's failure to file the requested appeal, the trial court erred in neglecting to provide the standard remedy for the *per se* ineffectiveness, a grant of *nunc pro tunc* appeals.

In sum, notwithstanding the lack of an express assertion of ineffective assistance, which was preluded by the circumstances of this case, all of the relevant facts appeared in the petition for *nunc pro tunc* relief. Indeed, appointed counsel's failure to file a timely appeal was **the issue** raised in the petitions for *nun pro tunc* relief. Specifically, Mother averred that, although there was no doubt as to her desire to appeal the relevant orders, [counsel] failed to file the appeals and preserve those rights. That inaction is tantamount to *per se* ineffective assistance and Mother requested the precise relief that she was unquestionably due. Accordingly, the trial court committed an abuse of discretion in failing to grant the patently warranted relief.

*Interest of I.M.S., supra* at 1264-67 (emphasis in original).

Here, as previously explained, counsel's failure to file a separate notice of appeal from the termination order rendered his otherwise timely appeal from the goal change order moot. *See In re Adoption of A.H., supra*; *C.W., supra*. Further, it is clear from Father's concise statement of errors and the claims raised in the *Anders* brief that Father purported to challenge the termination order. (*See* Rule 1925(a)(2)(i), filed 2/27/26, at 1) (alleging that court committed reversible error when it failed to require sufficient evidence pursuant to Sections 2511(a) and (b) of Adoption Act; and that record evidence was insufficient to find termination appropriate); (*Anders* Brief at 12) (explaining there are no non-frivolous issues preserved for appeal where evidence was legally sufficient to support termination order). Under these circumstances, counsel's failure to file a timely appeal from the order

involuntarily terminating Father's parental rights to Child constitutes *per se* ineffectiveness for which *nunc pro tunc* relief is warranted. ***See Interest of I.M.S., supra***. The fact that neither Father nor counsel expressly mentioned counsel's ineffectiveness or sought *nunc pro tunc* relief does not change our analysis. ***See id. See also In re J.T., supra***.

Based on counsel's errors as described above, we deny counsel's petition to withdraw at this juncture and direct counsel to take the following actions: (1) immediately file a *nunc pro tunc* appeal from the order terminating Father's parental rights at the appropriate termination docket; (2) **after** the *nunc pro tunc* appeal is docketed, file an application to consolidate the *nunc pro tunc* appeal from the termination order with the current appeal from the goal change order, listing **both** Superior Court docket numbers in the application to consolidate; (3) once the appeals have been consolidated in this Court, file either a compliant **Anders** brief and separate application to withdraw, along with a letter to Father explaining Father's rights as discussed *supra*, or file an advocate's brief in this Court. Counsel shall then send new copies of the amended **Anders** brief, petition to withdraw as counsel, and letter to Father with amended certificates of service demonstrating proper service on Father and file a proof of service with this Court reflecting such service.

Counsel is ordered to complete these actions within **10 days** of our filing of this memorandum. Should counsel decide to file an amended **Anders** brief instead of an advocate's brief, Father shall then have **30 days** to respond,

after which DHS and Child's counsel will have **15 days** to file a supplemental responsive brief or to notify this Court that no additional brief will be filed. Upon the filing of the notice of appeal *nunc pro tunc*, we further direct the trial court to remit the certified record to this Court. As the trial court relied on its reasoning set forth in the transcript of the termination hearing in support of its goal change and termination orders, we need not order a supplemental Rule 1925(a) opinion at this time. (***See*** Trial Court Opinion, dated 3/27/26, at 1).

Petition to withdraw denied. Panel jurisdiction is **<u>retained</u>**.